

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Wm. J. Lawson
Secretary of State
Austin, Texas

Attention:  Mr. Will Mann Richardson

Opinion No. O-3385
Re:  Are the owners of the
preferred stock of the
Farmers and Consumers
Company required to be
producers or engaged in
the production of agri-
cultural products before
they are entitled to vote
regarding the affairs of
such company?

Dear Sir:

Your recent request for an opinion of this Department
on the above stated question has been received.

We quote from your letter as follows:

"Recently the above named (Farmers & Con-
sumers Company) corporation was formed under the
Cooperative Marketing Act with its principal
place of business in Fort Worth, Texas.  It stated
that it was to have an authorized capital stock
of $1,000,000.00.  Since it was under the Cooper-
ative Marketing Act, it did not have to show this
office whether any of its capital stock was sub-
scribed or paid.  We have now been furnished with
an amendment increasing the authorized capital
stock to $5,000,000.00 for which the correct $2.50
filing fee has been paid this Department.

"The amendment appears to be in the proper
form, but its stock is divided into two classes
-- 100,000 shares of common stock and 25,000 shares
of preferred stock.  Both common and preferred are
voting stock and both classes of stock receive
dividends not to exceed 8% per annum, the only

Hon. Wm. J. Lawson, Page 2

difference between the common and preferred stock
is that the preferred may be redeemed or retired
upon 60 days notice and that it shall be preferred
as to 'assets and the dividends cumulative'.

"The plan of operation is to sell the common
stock to producers, but the preferred stock may
be sold to non-producers. So far as we know, this
is the first time the question has arisen as to
preferred stock having the right to vote and being
sold to non-producers.

"According to Article 5743 of the Revised Civil
Statutes, members of the corporation or common stock-
holders must be producers. Article 5750, however,
provides 'any association organized with stock under
this law may issue preferred stock with or without
the right to vote'.

"The question in this connection is whether,
when the preferred stock has the right to vote, its
owners are therefore members of the corporation and
must be producers, or whether being preferred stock-
holders they need not be producers.

"Since the project is the largest one to be sub-
mitted to this Department under the Cooperative
Marketing Act, we request an opinion from your Depart-
ment on this point before the charter amendment is
approved. The charter amendment is attached hereto
for your consideration."

Article 5743, Vernon's Annotated Civil Statutes reads
as follows:

"(a) Under the terms and conditions prescribed
in its by-laws, an association may admit as members,
or issue common stock, only to persons engaged in
the production of the agricultural products to be
handled by or through the association, including
the lessees and tenants of land used for the pro-
duction of such products and any lessors and land
owners who receive as rent part of the crop raised
on the leased premises. (b) If a member of a non-
stock association be other than a natural person,

Hon. Wm. J. Lawson, Page 3

such member may be presented by any individual, associate officer or member thereof, duly authorized in writing. (c) Any association as defined in Article 5738 (c) may become a member or stockholder of any other association or associations organized hereunder."

Article 5744, Vernon's Annotated Civil Statutes, provides in part as follows:

". . . If organized with capital stock, the amount of such capital stock and the number of shares into which it is divided and the par value thereof. The capital stock may be divided into preferred and common stock. If so divided the Articles of Incorporation must contain a statement of the number of shares of stock to which preference is granted and the number of shares of stock to which no preference is granted and nature and extent of the preference and privileges granted to each. . ."

Article 5750, Vernon's Annotated Civil Statutes provides in part:

". . . Any association organized with stock, under this law, may issue preferred stock, with or without the right to vote..."

Article 5738, Vernon's Annotated Civil Statutes among other things provides:

"(1) That no member of the association is allowed more than one vote because of the amount of stock or membership capital he may own therein . . ."

It is apparent that under Article 5743, supra, common stock can be issued only to persons engaged in the production of agricultural products to be handled by or through the association, etc. Considering Articles 5744 and 5750, supra, together, it is evident that companies or associations organized under the "Cooperative Marketing Act" may issue preferred stock, with or without the right to vote. It will be noted

Hon. Wm. J. Lawson, Page 4

that the "Cooperative Marketing Act" does not require the owners of preferred stock in associations or companies organized under the act to be producers or engage in the production of agricultural products to be handled by or through the association or company. But, as above stated such associations or companies may issue preferred stock, with or without the right to vote. The charter amendment of the Farmers and Consumers Company reads in part as follows:

"Said shares are to be divided into two (2) classes, to-wit: Common and Preferred, of which 100,000 shares shall be common and 25,000 shares shall be preferred. Each holder of common stock and each holder of preferred stock shall be allowed one vote regardless of the amount of stock owned by such share holder. . ."

In view of the foregoing statute, the Farmers and Consumers Company may issue preferred stock with or without the right to vote, but it is apparent from the above quoted portion of the charter amendment that the holders of the preferred stock are allowed to vote. Therefore, the above stated question is respectfully answered in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly,

APPROVED APR 18, 1941

ATTORNEY GENERAL OF TEXAS

By

FIRST ASSISTANT
ATTORNEY GENERAL

Ardell Williams
Assistant

AW:lh

